OPINION OF THE COURT TO THE GOVERNOR IN THE MATTER OF ALLOWING STATE VOTING MACHINE INSPECTORS WITHIN THE RAIL AT ELECTIONS.

NOVEMBER 3, 1936.

PRESENT: Flynn, C. J.; Moss, Capotosto, Baker, and Condon, JJ.

November 3, 1936.

Supreme Court.

*To His Excellency Theodore Francis Green, Governor of the State of Rhode Island and Providence Plantations*

We have received from Your Excellency a request for our written opinion upon a question of law in accordance with the following section of article XII of the amendments to the constitution of this state:

> "Sec. 2. The judges of the supreme court shall give their written opinion upon any question of law whenever requested by the governor or by either house of the general assembly."

The question is as follows: "Must a moderator or warden allow the state voting machine inspectors, appointed by the Secretary of State, within the rail at all times during the entire election under the provisions of Sections 2, 10, 11, 14, 15 and 16 of Chapter 2195 of the Public Laws of 1935?"

Chapter 2195, Public Laws of 1935, is the so-called voting machine statute which amends previous election laws sufficiently to make adequate provision for the use of voting machines in accordance with the terms of this statute. It provides, among other things, certain duties to be performed by the Secretary of State in connection with the preparation and functioning of the machines during an election. Among these duties, he shall appoint and instruct voting machine inspectors "whose duty it shall be to supervise the proper functioning of each and every state voting machine under the respective jurisdiction of each inspector and to be present at the voting places upon any day of general or special election in this state, and to guarantee the proper functioning of each and every said voting machine." Sec. 14.

The provisions in secs. 10, 11, 14, 15 and 16 specify other duties to be performed by the inspectors, appointed by the Secretary of State, in connection with the preparation, setting up and checking of the machines according to the diagram at the opening of the polls; the supervision thereof during an election to guarantee their proper functioning; and certain other duties in case of interruption of the vote or of injury to the machine, or the necessity of examining the face of the machine to detect injury or wrong doing; and in opening and making certain repairs, if necessary, in order to keep the machine functioning properly.

In section 16 the following specific language is used:

"Besides the voting machine inspector and election officers not more than two voters in excess of the number of machines shall be allowed within said enclosed space at one time."

It appears from the language of this section, and from the whole statute, that the general assembly intended to add to the ordinary election officials a voting machine inspector appointed by the Secretary of State and charged with certain specific duties, especially in connection with the proper mechanical functioning of voting machines. Certain of the duties prescribed could not reasonably be performed unless the voting machine inspector were permitted within the voting space or rail.

Considering all the duties imposed by this statute upon the Secretary of State and upon the voting machine inspectors appointed by him, and having in mind the general purpose of the statute in providing voting machines for elections, it is our opinion that a particular obligation of guaranteeing the mechanical functioning of the voting machine is imposed upon the voting inspector appointed by the Secretary of State. To perform these duties properly it is reasonably necessary that the voting machine inspectors be permitted by the moderators to go and attend within the voting space or rail. The moderators still retain all of

the other powers and duties over the conduct of the voting generally.

According to our understanding of the question propounded it is our opinion that it should be answered in the affirmative.

EDMUND W. FLYNN,

WILLIAM W. MOSS,

ANTONIO A. CAPOTOSTO,

HUGH B. BAKER,

FRANCIS B. CONDON.